**CIVIL ACTION NO. 4:25-CV-00807**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**GE Steam Power Inc.** *et al.*

Appeal from the
*Order Sustaining Talen's Twelfth Omnibus Objection to Certain Claims Filed by GE Electric*, entered on February 4, 2025, by the United States Bankruptcy Court for the Southern District of Texas (Houston Division) in *In re Talen Energy Corporation*, *et al*. (Bankr. Case No. 22-90339) (jointly administered)

**BRIEF OF APPELLEE, TALEN ENERGY CORPORATION,
IN SUPPORT OF AFFIRMANCE OF ORDER SUSTAINING
TALEN'S TWELFTH OMNIBUS OBJECTION TO CERTAIN
CLAIMS FILED BY GE ELECTRIC AND DISMISSAL OF APPEALS**

Gabriel A. Morgan (TX Bar No. 24125891)
Clifford W. Carlson (TX Bar No. 24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 546-5000
Email: Gabriel.Morgan@weil.com
Clifford.Carlson@weil.com

Matthew S. Barr (*pro hac vice* forthcoming)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007
Email: Matt.Barr@weil.com

*Attorneys for Reorganized Debtor-Appellee*

## CORPORATE DISCLOSURE STATEMENT[1]

Pursuant to Federal Rule of Bankruptcy Procedure 8012(a), appellee Talen Energy Corporation, a Delaware corporation, states that it is has no parent corporation and is publicly-traded on NASDAQ under the ticker symbol "TLN." As of March 19, 2025, the Vanguard Group and entities affiliated with Rubric Capital Management LP beneficially owned 10% or more of the common stock in Talen Energy Corporation. No other corporation owns 10% or more of Talen Energy Corporation's stock.

---

[1] Talen Energy Corporation (the "**Reorganized Debtor**") is party to this appeal on behalf of itself and its reorganized debtor affiliates. The chapter 11 cases of the affiliates of the Reorganized Debtor were closed effective as of July 28, 2023. *See* Case No. 22-90054, Docket No. 2162. A complete list of the debtors in the chapter 11 cases may be obtained on the website of the debtors' claims and noticing agent at https://cases.ra.kroll.com/talenenergy.

Appellees Nueces Bay LLC and Barney Davis LLC were sold to The City of San Antonio, Texas, acting by and through its City Public Service Board ("**CPS Energy**") on May 1, 2024. Pursuant to the sale agreement, Talen Energy Supply, LLC (one of the affiliates of the Reorganized Debtor) agreed to indemnify CPS Energy, Nueces Bay LLC, and Barney Davis LLC from any and all losses, claims, commitments, obligations, or liabilities of any nature arising out of the chapter 11 cases of Talen Energy Corporation and its affiliated debtors (together with other specified matters, the "**Retained Claims**"). The sale agreement also provided that Talen Energy Supply, LLC would be entitled to the sole and exclusive right to administer, prosecute, defend and settle any Retained Claims.

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................1

ISSUES PRESENTED AND STANDARD OF REVIEW ......................................3

STATEMENT OF THE CASE................................................................................4

SUMMARY OF THE ARGUMENT .....................................................................8

ARGUMENT .........................................................................................................10

I.    Appellants' Liens Are Unenforceable as to BFPs Under Texas State Law .............................................................................................10

II.    Appellee Is Entitled to Exercise the "Rights and Powers" of a BFP to Assert an Affirmative Defense Available Under State Law ...................................................................................................13

III.    Appellants' Narrow View of the "Rights and Powers" of a BFP Afforded to a Debtor Is Unsupported by the Plain Language of the Statute and Case Law .................................................................15

IV.    Time Limitations in Section 546(a) of the Bankruptcy Code Do Not Apply to the Defensive Exercise of the "Rights and Powers" of a BFP .............................................................................18

V.    Reclassification of the Asserted Secured Claims Is Proper Under Section 544(a)(3).........................................................................21

VI.    Reclassification of the Appellants' Claim Is Proper Under Section 502(b)(1) of the Bankruptcy Code .........................................22

VII.    A Broad Interpretation of the "Rights and Powers" of BFP in Section 544 Is Consistent with the Policy Goals of the Bankruptcy Code...............................................................................24

CONCLUSION.......................................................................................................25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Conine (In re Robertson)*,
203 F.3d 855 (5th Cir. 2000) ...............................................................18

*In re Armstrong*,
347 B.R. 581 (Bankr. N.D. Tex. 2006)...........................................21, 22

*Bank of N.Y. v. Sheeley (In re Sheeley)*,
2013 Bankr. LEXIS 929, No. 11-3028 (GRH) (Bankr. S.D. Ohio
Mar. 4, 2013), *aff'd, Bank of N.Y. v. Sheeley*, 2014 U.S. Dist.
LEXIS 42748, No. 13-cv-136 (TSB) (S.D. Ohio, Mar. 25, 2014).....................16

*Black, Sivalls & Bryson, Inc. v. Operators' Oil & Gas Co.*,
37 S.W.2d 313 (Tex. Civ. App. 1931)................................................12

*Boots Builders, Inc. v. Hobson Air Conditioning, Inc. (In re Boots
Builders, Inc.)*,
11 B.R. 635 (Bankr. N.D. Tex. 1981)................................................11

*In re Buchholz*,
224 B.R. 13 (Bankr. D.N.J. 1998) ....................................................18

*Cal. State Bd. of Equalization v. Off. Unsecured Creditors' Comm. (In
re Fidelity Holding Co., Ltd.)*,
837 F.2d 696 (5th Cir. 1988) .........................................................21

*Contract Sales Co. v. Skaggs*,
612 S.W.2d 652 (Tex. Civ. App. 1981)............................11, 14, 15, 20

*Coxson v. Commonwealth Mortg. Co. of Am., L.P. (In re Coxson)*,
43 F.3d 189 (5th Cir. 1995) .......................................................19, 20

*Detering Co. v. Green*,
989 S.W.2d 479 (Tex. App. 1999)...............................................12, 14

*Exxon Shipping Co. v. Baker*,
554 U.S. 471 (2008)....................................................................23

*Matter of Goodrich Petroleum Corp.*,
　894 F.3d 192 (5th Cir. 2018), *as revised* (June 29, 2018) ......................13, 14, 16

*Irving Lumber Co. v. Alltex Mortg. Co.*,
　446 S.W.2d 64 (Tex. Civ. App. 1969), *aff'd*, 468 S.W.2d 341 (Tex.
　1971) .............................................................................................................11

*In re Jack Kline Co., Inc.*,
　440 B.R. 712 (Bankr. S.D. Tex. 2010) ............................................................21

*Mid-Am. Petroleum, Inc. v. Adkins Supply, Inc. (In re Mid-Am.*
　*Petroleum, Inc.)*,
　83 B.R. 937 (Bankr. N.D. Tex. 1988)...............................................................14

*Miller v. New Penn Financial, LLC (In re Miller)*,
　No. 15-70981 (WLH), 2020 WL 1933922 (Bankr. N.D. Ga. Apr.
　21, 2020) ...............................................................................16, 18, 19, 20

*Nationwide Mut. Ins. Co. v. Berryman Prods., Inc. (In re Berryman*
　*Prods., Inc.)*,
　159 F.3d 941 (5th Cir. 1998) .............................................................................4

*Raleigh v. Ill. Dep't of Rev.*,
　530 U.S. 15 (2000)...........................................................................................22

*In re Rally Partners, L.P.*,
　306 B.R. 165 (Bankr. E.D. Tex. 2003).............................................................21

*Singleton v. Wulff*,
　428 U.S. 106 (1976)..........................................................................................23

*Sommers v. Aguirre (In re Santoyo)*,
　540 B.R. 284 (Bankr. S.D. Tex. 2015) .......................................................14, 15

*Southern Bank & Trust Co. v. Alexander (In re Alexander)*,
　2014 Bankr. LEXIS 3048, No. 13-07146 (SCS) (E.D. Va. July 16,
　2014), *aff'd*, 524 B.R. 82 (E.D. Va. 2014) .......................................................16

*Stearns Bank, N.A. v. Rent-A-Tent, Inc. (In re Rent A Tent, Inc.)*,
　468 B.R. 442 (Bankr. N.D. Ga. 2012).........................................................16, 19

*Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*,
　549 U.S. 443 (2007)..........................................................................................24

iii

*United States v. Diallo*,
575 F.3d 252 (3d Cir. 2009) ................................................................................16

*United States v. W. Pac. R. Co.*,
352 U.S. 59 (1956)...............................................................................................20

*Whittaker, Clark, & Daniels, Inc. v. Brenntag AG (In re Whittaker, Clark, & Daniels)*,
663 B.R. 1 (Bankr. D.N.J. 2024) .........................................................................17

*Wood v. Barnes*,
420 S.W.2d 425 (Tex. Civ. App. 1967)...............................................................11

**Statutes**

11 U.S.C. § 105.......................................................................................................22

11 U.S.C. § 502............................................................................................ 21, 23, *passim*

11 U.S.C. § 544............................................................................... 15, 16, 17, 18, *passim*

11 U.S.C. § 546............................................................................................... 18, *passim*

11 U.S.C. § 1107.....................................................................................................13

**Other Authorities**

Fed. R. Bankr. P. 3001 ...........................................................................................21

Fed. R. Bankr. P. 8012(a) .........................................................................................2

Fed. R. Bankr. P. 8015 ..............................................................................................1

Tex. Const. Art. XVI, § 37......................................................................................10

Tex. Prop. Code. § 13.001 ......................................................................................11

iv

## PRELIMINARY STATEMENT

This Court should affirm the Bankruptcy Court's *Order Sustaining Talen's Twelfth Omnibus Objection to Certain Claims Filed by GE Electric* [Bankr. Dkt. No. 514, App. 006][2] (the "**Order**"), entered on February 4, 2025, which approved the reclassification of certain claims secured by unrecorded constitutional liens as unsecured claims. At issue here are three claims filed by GE Steam Power Inc. and General Electric International, Inc. ("**Appellants**") in the chapter 11 cases of Talen Energy Corporation and its affiliated debtors. Although Appellants asserted the claims as secured on the basis of constitutional mechanic's liens, it is undisputed that Appellants did not file, record, or otherwise perfect their alleged liens in support of the claims.

Section 544(a)(3) of the Bankruptcy Code provides that a debtor steps into the shoes of a hypothetical bona fide purchaser of real property (a "**BFP**") and shall have all of the "rights and powers" of a BFP under applicable state law. Texas state law is clear that constitutional liens are not enforceable against a BFP without notice. Further, under Texas state law, a BFP need not take any affirmative action or commence a lawsuit to defeat an unrecorded constitutional mechanic's lien or to take

---

[2] Except as otherwise provided in this Brief, references to "Bankr. Dkt. No. ____" are to the docket number of the lead jointly-administered case of Talen Energy Corporation (Case No. 22-90339). References to "TES Bankr. Dkt. No. ____" are to the docket number of the jointly administered case of Talen Energy Supply, LLC (Case No. 22-90054). References to "App. _____" are to the page numbers in the Appendix filed by Appellants at Docket No. 4. References to "ROA _____" are to the page numbers in the Record on Appeal filed at Docket No. 2.

1

its property with a clean title. The parties agree that a BFP would not have had notice (constructive or otherwise) of Appellants' constitutional liens as of the Petition Date. Outside of bankruptcy, a demand for payment by Appellants against a BFP based on the constitutional liens would not be enforceable against such BFP.

The Bankruptcy Court properly authorized Appellee's use of its statutory BFP status as an affirmative defense against Appellants asserted secured claims. Appellants attempt to distinguish the broad "rights and powers" of BFPs granted to a debtor under section 544(a)(3) of the Bankruptcy Code from the separately enumerated avoidance powers by arguing that the grant of BFP status provides a limited defense against the post-petition creations of liens and nothing more. Appellants' interpretation of section 544 improperly limits the "rights and powers" of a BFP and is simply not supported the plain language of the statute or by the authorities Appellants cite. This Court should reject Appellant's efforts to read in limiting language to the statutory authority granted to a Debtor where Congress did not clearly intend such restrictions.

Contrary to Appellants' assertions, Appellee's use of its section 544(a)(3) rights was not time-barred by section 546 of the Bankruptcy Code. Section 546 sets a deadline for a debtor to commence an "action or proceeding" to avoid a transfer or obligation under section 544. However, the limitations of section 546 do not apply when, as is the case here, a debtor's BFP status is raised as a *defense* to an alleged

2

secured claim.  Appellee did not commence an "action or proceeding" to avoid or set aside Appellants' liens, nor did it need to.  Rather, Appellee raised an affirmative defense to a proof of claim initiated by Appellants, rendering section 546 inapplicable.  As Appellants admit, the time restrictions set forth in section 546 do not terminate a debtor's rights and powers as a BFP under section 544.

This position is consistent with the policies underlying the Bankruptcy Code generally and of section 544, including equitable distribution.  Appellee's deadline to object to Proofs of Claim filed in the chapter 11 cases has not yet expired.  It would be an unfair result to prevent Appellee from utilizing all available rights and powers granted by the Bankruptcy Code without clear statutory language requiring such outcome.  Accordingly, Appellee respectfully requests that this Court affirm the Order and dismiss the appeal.

## ISSUES PRESENTED AND STANDARD OF REVIEW

This appeal involves the following main issues:

a)      Whether the Bankruptcy Court correctly found that Appellee may defensively assert its BFP status as to challenge the enforceability of Appellant's unrecorded constitutional liens under applicable state law.

b)      Whether the Bankruptcy Court correctly found that Appellee's defensive use of its status as a BFP is not time-limited under section 546(a) of the Bankruptcy Code.

3

c)      Whether the Bankruptcy Court correctly found that it was not necessary to analyze section 502(b)(1) of the Bankruptcy Code as an alternative avenue to find that the Asserted Secured Claims were unsecured.

As a general matter, "[f]act findings of the bankruptcy court are reviewed under a clearly erroneous standard and issues of law are reviewed *de novo*." *Nationwide Mut. Ins. Co. v. Berryman Prods., Inc. (In re Berryman Prods., Inc.)*, 159 F.3d 941, 943 (5th Cir. 1998).  The standard of appellate review for each of the foregoing issues of law is *de novo*.

## STATEMENT OF THE CASE

Commencing on May 9, 2022 (the "**Petition Date**") Talen Energy Supply, LLC, Barney Davis, LLC, Nueces Bay, LLC, and certain of their affiliates each filed voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**").  *See* Barney Davis, LLC Voluntary Petition (Case No. 22-90090) [App. 016]; Nueces Bay, LLC Voluntary Petition (Case No. 22-90092) [App. 092].

On May 18, 2022, the Court entered an order establishing August 1, 2022 as the deadline for all non-governmental units to file proofs of claim (each, a "**Proof of Claim**") at each of the debtor entities other than Talen Energy Corporation.  *See* TES Bankr. Dkt. No. 237, ROA 00324.

On July 31, 2022, GE Steam Power Inc. filed a Proof of Claim against Barney Davis, LLC asserting a secured claim in the amount of $80,683.54, filed as Proof of Claim number 2911 in the Debtors' claim register [App. 168] ("**POC No. 2911**"). On November 9, 2023, General Electric International, Inc. filed (i) a Proof of Claim against Nueces Bay, LLC asserting a secured claim in the amount of $383,785.18, filed as Proof of Claim number 37563 in the Debtors' claim register [App. 176] ("**POC No. 37563**") and (ii) a Proof of Claim against Barney Davis, LLC asserting a secured claim in the amount of $294,287.70, filed as Proof of Claim number 37564 in the Debtors' claim register [App. 184] ("**POC No. 37564**" and, together with POC No. 2911 and POC No. 37563, the "**Asserted Secured Claims**").   Both POC Nos. 37563 and 37564 amended Proofs of Claim previously filed on July 31, 2022 [App. 177, 185].   The Appellants also filed certain other Proofs of Claim, all of which have been consensually resolved between the Appellants and the Appellee, but remain subject to objection by the GUC Trust.

On December 15, 2022, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming Joint Chapter 11 Plan of Talen Energy Supply, LLC and Its Affiliated Debtors* [TES Bankr. Dkt. No. 1760] (the "**Confirmation Order**"), confirming the *Joint Chapter 11 Plan of Talen Energy Supply, LLC and Its Affiliated Debtors* [TES Bankr. Dkt. No. 1722] (including any exhibits and schedules thereto, the "**Plan**").   *See* Objection, ¶ 9; [App. 199].

On May 17, 2023, the Plan went effective and the Debtors emerged as the Reorganized Debtors. *See Notice of Effective Date of Joint Chapter 11 Plan of Talen Energy Supply, LLC and Its Affiliated Debtors* [TES Bankr. Dkt. No. 2060]. *See* Objection, ¶ 10; [App. 199]. On July 28, 2023, the Court entered the *Final Decree Closing Certain Cases* [TES Bankr. Dkt. No. 2162] (the "**Final Decree**"), closing each of the Debtors' chapter 11 cases except the Reorganized Debtor's case. Pursuant to the Final Decree and the Confirmation Order, all objections to claims shall be filed, administered, and heard in the chapter 11 cases of the Reorganized Debtor. *See* Objection, ¶ 13; [App. 200].

The deadline for objecting to filed Proofs of Claim or scheduled claims, unless otherwise extended pursuant to the Plan is (i) two-hundred seventy (270) days following the effective date, or (ii) such other and later date that is approved by Order of the Bankruptcy Court (the "**Claims Objection Deadline**"). *See* Plan, at Art. I.61; ROA 000318. The Claims Objection Deadline was originally February 11, 2024. *Id.* The Claims Objection Deadline was subsequently extended by several orders of the Bankruptcy Court to August 4, 2025 and remains subject to further extension [Bankr. Dkt. Nos. 306, 408, 538; ROA 000091–92, 000160–61, 000308–09].

Talen Energy Corporation filed the *Reorganized Debtor's Twelfth Omnibus Objection to Certain Claims Filed by GE Electric (Reclassified Claims, Reclassified*

6

*and Reduced Claims, Reduced Claims, and Satisfied Claims)* [Bankr. Dkt. No. 375; App. 192] (the "**Objection**") on July 8, 2024, among other things, objecting to the Asserted Secured Claims on the grounds that such claims were improperly classified as secured claims when the GE Entity's asserted prepetition constitutional liens were unrecorded and therefore not enforceable against the debtor in its status as a BFP. *See* Objection, ¶¶ 20–21; [App. 202–03].

The Appellants filed a response to the Objection on September 24, 2024 [Bankr. Dkt. No. 433; App. 240] (the "**Response**") arguing that the Appellee was time-barred from raising its BFP status as a function of section 546(a) of the Bankruptcy Code, which sets a deadline for commencing avoidance actions or proceedings. *See* Response, ¶ 11–15; [App. 244]. Appellee filed a reply on October 28, 2024 [Bankr. Dkt. No. 452; App. 257] (the "**Reply**") arguing that "[s]ection 546(a) does not terminate a debtor's rights and powers as a BFP under section 544 or otherwise limit its right to raise its BFP status as a defense to an alleged secured claim." *See* Reply, ¶ 1; [App. 257]. The Reply further argued that Appellees were "asserting their rights as a BFP as a defense in support of the argument that the Asserted Secured Claims are unenforceable under applicable state law and subject to reclassification" as unsecured claims. *See* Reply, ¶ 3; [App. 258].

The Bankruptcy Court held a hearing on the Asserted Secured Claims on October 30, 2024 [Bankr. Dkt. No. 455; App. 011]. At the hearing, the Bankruptcy

7

Court requested additional supplemental briefing addressing the status of an unrecorded, constitutional lien with respect to a BFP under Texas state law without the application of bankruptcy law. *See In re Talen Energy Corp.*, Oct. 30 Hr'g Tr. 32:21–24; [Bankr. Dkt. No. 472; App. 300]. Appellee and Appellants submitted supplemental briefing on December 6, 2024 at Docket Nos. 481 and 482, respectively. [Bankr. Dkt. Nos. 481, 482; App. 305, 311].

On February 4, 2025, the Bankruptcy Court entered the Order finding that the Asserted Secured Claims should be treated as unsecured. The Bankruptcy Court also published a *Memorandum Opinion* [Bankr. Dkt. No. 513; App. 319] (the "**Opinion**") on February 4, 2025 finding that Appellee could use the BFP powers in section 544(a)(3) defensively against the enforcement of the constitutional liens securing the Asserted Secured Claims. *See* Opinion at 2; [App. 320]. The Bankruptcy Court further found that because Appellee's status as a BFP is not time-limited, it could assert its BFP status defensively. *See* Opinion at 4; [App. 322].

On February 18, 2025, Appellants timely filed their *Joint Notice of Appeal and Statement of Election* [Bankr. Dkt. No. 529; App. 328].

## SUMMARY OF THE ARGUMENT

The constitutional liens securing Appellants' Asserted Secured Claims were never filed, recorded, or otherwise perfected and would not be enforceable against a BFP under applicable state law. Under section 544(a)(3) of the Bankruptcy Code,

Appellee, as a debtor, is entitled to exercise the "rights and powers" of a BFP. Appellee is therefore entitled to assert its BFP status as an affirmative defense in response to a proof of claim filed against the bankruptcy estates.

Appellants advance a restrictive interpretation of the "rights and powers" of a BFP in section 544(a)(3) that would limit the application of these rights to instances where a creditor attempted to create a lien postpetition. This narrow view is unsupported by the plain language of the statute and by the cases Appellants cite in their brief. On the other hand, interpreting the "rights and powers" of a BFP to allow a debtor to raise its BFP status as a defense to an alleged secured claim is consistent with the policy goals of the Bankruptcy Code, including the goal of equitable distribution.

The time limitations in section 546(a) of the Bankruptcy Code only apply to the commencement of an action or proceeding under section 544, such as filing a lawsuit asserting avoidance actions against a defendant. Such limitations do not apply to the defensive exercise of the "rights and powers" of a BFP. Here, Appellee did not initiate an avoidance action or commence any other proceeding and was not required to do so. Although the deadline to initiate an avoidance action had expired at the time Appellee objected to the Asserted Secured Claims, Appellee is not time-barred from raising its BFP status defensively.

9

The reclassification of the Asserted Secured Claims as unsecured claims is proper under section 544(a)(3) because no valid liens exist against Appellee and Appellants have therefore failed to meet their burden of proof with respect to the claims. To the extent this Court disagrees with the Bankruptcy Court and determines that it was necessary to analyze section 502(b)(1) of the Bankruptcy Code in order to reclassify the Asserted Secured Claims as unsecured, this Court should remand the issue to the Bankruptcy Court for further proceedings. In any event, reclassification of the secured portion of the Appellants' Asserted Secured Claims is proper under section 502(b)(1) of the Bankruptcy Code.

For these reasons and the reasons set forth in greater length herein, the Bankruptcy Court was correct as a matter of law in reclassifying the Asserted Secured Claims as unsecured claims. The Court should (i) affirm the Order, (ii) dismiss the appeal, and (iii) grant such further relief to Appellee as is appropriate.

## ARGUMENT

### I.  Appellants' Liens Are Unenforceable as to BFPs Under Texas State Law

Under Texas state law, constitutional liens are granted to "[m]echanics, artisans and material men, of every class, . . . upon the buildings and articles made or repaired by them for the value of their labor done thereon, or material furnished therefor . . . ." Tex. Const. Art. XVI, § 37. As Appellants state in their brief, under established Texas state law, a constitutional lien is effective as to a contracting party

10

even without notice. *See* Appellants Br., Dkt. No. 3 at 14; *see e.g., Contract Sales Co. v. Skaggs*, 612 S.W.2d 652, 653 (Tex. Civ. App. 1981).

However, Texas state law also provides that a constitutional lien will not be enforced against a BFP without notice. *See* Tex. Prop. Code. § 13.001 ("A conveyance of real property or an interest in real property or a mortgage or deed of trust is void as to a creditor or to a subsequent purchaser for a valuable consideration without notice unless the instrument has been acknowledged, sworn to, or proved and filed for record as required by law."); *see also Contract Sales*, 612 S.W.2d at 653 ("A constitutional mechanic's lien . . . will not be enforced, however, against a purchaser who has neither actual nor constructive notice of the constitutional lien.") (internal citations omitted); *Irving Lumber Co. v. Alltex Mortg. Co.*, 446 S.W.2d 64, 72 (Tex. Civ. App. 1969), *aff'd*, 468 S.W.2d 341 (Tex. 1971) ("[E]ven a constitutional lien will not be enforced against an innocent purchaser or mortgagee who has neither actual nor constructive notice of the constitutional lien."); *Wood v. Barnes*, 420 S.W.2d 425, 429 (Tex. Civ. App. 1967) ("[F]or the contractor to be protected against the rights of third parties he must either comply with the statute in regard to affidavits for fixing mechanic's and materialmen's liens, thus giving constructive notice to third parties . . . .") (internal citations omitted).

Not only are constitutional liens not enforceable against a BFP, but the BFP receives property free and clear of any constitution liens. *See e.g., Boots Builders,*

11

*Inc. v. Hobson Air Conditioning, Inc. (In re Boots Builders, Inc.)*, 11 B.R. 635, 639 (Bankr. N.D. Tex. 1981) ("The law is well established that a bona fide purchaser takes property free of constitutional liens, unless the liens have been perfected in the manner provided by statute . . . .") (citation omitted).  A BFP need not take any affirmative action to commence a lawsuit or action in order to defeat an unrecorded constitutional mechanic's lien or to take its property with a clean title.  *See, e.g., Black, Sivalls & Bryson, Inc. v. Operators' Oil & Gas Co.*, 37 S.W.2d 313, 314 (Tex. Civ. App. 1931) (denying a foreclosure on an alleged lien against a BFP without any lien avoidance action by the BFP); *Detering Co. v. Green*, 989 S.W.2d 479, 480 (Tex. App. 1999) (same).

Here, it is undisputed that the Appellants did not file, record, or otherwise perfect their alleged constitutional mechanic's liens in support of the asserted secured claims, so a BFP would not have had notice (constructive or otherwise) of such claims as of the Petition Date.  The Appellants also do not dispute that the liens would not have been enforceable against a BFP under Texas law.  *See* Response, ¶ 11; [App. 244] (acknowledging that bankruptcy courts have "held that a constitutional lien is not enforceable against a bona fide purchaser absent the filing of a lien affidavit.").

II.     **Appellee Is Entitled to Exercise the "Rights and Powers" of a BFP to Assert an Affirmative Defense Available Under State Law**

Section 544 of the Bankruptcy Code creates a legal fiction entitling a debtor in possession[3] to all of the "rights and powers" of a BFP as of the commencement of a chapter 11 case:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, *the rights and powers of*, __or__ may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . . (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

*See* 11 U.S.C. § 544(a)(3) (emphasis added); *see also* 11 U.S.C. § 1107 ("[A] debtor in possession shall have all the rights . . . and powers, and shall perform all the functions and duties . . . of a trustee serving in a case under this chapter.").

As the Fifth Circuit has explained, the strong arm powers encompassed in section 544(a)(3) are not confined to avoidance powers, but endow a debtor in possession with **all** of the rights and powers of a BFP of real property. *See Matter of Goodrich Petroleum Corp.*, 894 F.3d 192, 197–98 (5th Cir. 2018), *as revised* (June 29, 2018). Section 544(a)(3) "creates a legal fiction affording a debtor-in-

---

[3] Although section 544 of the Bankruptcy Code refers to the "trustee," the Bankruptcy Code separately provides that "a debtor in possession shall have all the rights . . . and powers, and shall perform all the functions and duties . . . of a trustee serving in a case under this chapter." S*ee* 11 U.S.C. § 1107.

13

possession the abilities it would have as a bona fide purchaser of the debtor's interests . . . at the time the bankruptcy is filed." *Id*. (citation omitted). Accordingly, as of the petition date, Appellee acquired all of the rights and powers that could be exercised under state law by a BFP.

While a debtor's hypothetical BFP status is a function of the Bankruptcy Code, the rights and powers bestowed on the debtor are dictated by state law. *Id*. at 198; *Sommers v. Aguirre (In re Santoyo)*, 540 B.R. 284, 289 (Bankr. S.D. Tex. 2015) ("Although the Bankruptcy Code creates the status of a hypothetical bona fide purchaser, Texas law defines that status.") (citation omitted). As noted above, under well-settled Texas law, unrecorded constitutional liens are not enforceable against a BFP without notice. *See e.g., Contract Sales Co. v. Skaggs*, 612 S.W.2d 652, 653 (Tex. Civ. App. 1981) ("Constitutional liens will not be enforced, however, against a purchaser who has neither actual nor constructive notice of the constitutional lien."). Because unrecorded constitutional liens are not enforceable against a BFP under Texas state law, the BFP receives the property free and clear of any such liens. *See Mid-Am. Petroleum, Inc. v. Adkins Supply, Inc. (In re Mid-Am. Petroleum, Inc.)*, 83 B.R. 937, 943 (Bankr. N.D. Tex. 1988) ("The Trustee in bankruptcy and the debtor-in-possession in a Chapter 11 proceeding have the rights of a bona fide purchaser . . . [i]n that capacity the trustee (debtor) takes free of the constitutional lien") (internal citation omitted); *see also Detering Co. v. Green*, 989 S.W.2d 479,

14

480 (Tex. App. 1999) (authorizing defensive use of BFP status under Texas state law to prevent foreclosure of a mechanics' lien).[4]

By operation of section 544(a)(3), the Appellee was entitled, as of the Petition Date, to assume all rights and powers of a BFP under Texas state law, including the right to use its BFP status as an affirmative defense against an unrecorded constitutional lien. *Santoyo*, 540 B.R. at 290 ("Because the bankruptcy trustee steps into the shoes of a hypothetical bona fide purchaser, a constitutional lien may not be enforced against the [t]rustee absent notice.") (internal citation omitted). Importantly, since property is received by a BFP free and clear of such liens, a BFP need not "avoid" or otherwise file a lawsuit to clear title against an unenforceable constitutional lien or to preserve its affirmative defense as a BFP.[5]

## III. Appellants' Narrow View of the "Rights and Powers" of a BFP Afforded to a Debtor Is Unsupported by the Plain Language of the Statute and Case Law

Appellants assert that "the First Clause enables a Debtor to prevent a creditor from taking *post-petition* action to *create* a lien against the debtor's property where

---

[4] Actual knowledge is not relevant to a debtor's section 544 rights under the plain language of the statute, which applies "without regard to any knowledge of the trustee or of any creditor." 11 U.S.C. § 544(a); *see also Santoyo*, 540 B.R. at 289–90. Courts have found that "the state law of constructive notice remains applicable in the context of § 544(a)(3)" and can be provided through a properly filed lien affidavit. *Santoyo*, 540 B.R. at 290.

[5] As is generally the case with affirmative defenses, a BFP defense can be waived if not plead in a timely manner. *See Contract Sales*, 612 S.W.2d at 653–54 ("Bona fide purchaser status in the context of a constitutional mechanic's lien is, however, an affirmative defense which must be supported by pleadings and evidence.") (citation omitted). Here, Appellee timely raised its BFP status as a defense in advance of the applicable deadline to object to the Asserted Secured Claims under the Plan, as extended by the Bankruptcy Court. *See* Bankr. Dkt. Nos. 306, 408, 538; App. ROA 000091–92, 000160–61, 000308–09.

15

no such lien existed on the petition date."  *See* Appellants Br., Dkt. No. 3 at 14. Appellants indicate that they have drawn this conclusion from the "common thread running through" the cases they cite to, but fail to cite to a single case affirmatively holding that the "rights and powers" in section 544 are limited to defending against the post-petition creation of liens.[6]  *Id*. at 18.

To understand how to interpret the BFP provisions of section 544, this Court should instead look to the plain language of the statute.  *See Matter of Goodrich Petroleum Corp.*, 894 F.3d 192, 197 n.8 (5th Cir. 2018) ("Statutory construction . . . begins with the **plain language** of the statute.") (internal citations and quotation marks omitted) (emphasis in original); *United States v. Diallo*, 575 F.3d 252, 256 (3d Cir. 2009) ("Because it is presumed that Congress expresses its intent through the ordinary meaning of its language, every exercise of statutory interpretation begins with an examination of the plain language of the statute.") (internal citation and quotation marks omitted).

Section 544(a) uses the words "the rights and powers of . . ." without any limiting language or purported restrictions on those rights and powers.  11 U.S.C.

---

[6] In fact, the cases that Appellants cite to support the broader reading that the "rights and powers" of a BFP may be raised defensively and are not limited by the time restrictions in section 546 of the Bankruptcy Code.  *See* e.g., *Stearns Bank, N.A. v. Rent-A-Tent, Inc. (In re Rent A Tent, Inc.)*, 468 B.R. 442, 455–56 (Bankr. N.D. Ga. 2012); *Miller v. New Penn Financial, LLC (In re Miller)*, No. 15-70981 (WLH), 2020 WL 1933922, at *4–5 (Bankr. N.D. Ga. Apr. 21, 2020); *Southern Bank & Trust Co. v. Alexander (In re Alexander)*, 2014 Bankr. LEXIS 3048, No. 13-07146 (SCS), *32–35 (E.D. Va. July 16, 2014), *aff'd*, 524 B.R. 82 (E.D. Va. 2014); *Bank of N.Y. v. Sheeley (In re Sheeley)*, 2013 Bankr. LEXIS 929, No. 11-3028 (GRH) *25–26 (Bankr. S.D. Ohio Mar. 4, 2013), *aff'd, Bank of N.Y. v. Sheeley*, 2014 U.S. Dist. LEXIS 42748, No. 13-cv-136 (TSB) (S.D. Ohio, Mar. 25, 2014).

16

§ 544(a); *see also Whittaker, Clark, & Daniels, Inc. v. Brenntag AG (In re Whittaker, Clark, & Daniels)*, 663 B.R. 1, 20 (Bankr. D.N.J. 2024) (declining to adopt an interpretation of the "rights and powers" in section 544(a) that would read limits into the statute that are not there).  This language should be interpreted as incorporating *all* the rights and powers a BFP has under any applicable law, including affirmative defenses to payment demands.

By contrast, the Appellants' proposed interpretation significantly limits the breadth of the phrase "rights and powers" by reading in language such as "post-petition" where the statute contains no such limitation.  Although Appellants make much of the fact that statutory construction requires giving effect to every clause and word of a statute, their proposed interpretation fails to give appropriate meaning to the breadth of "rights and powers."[7]

There is no need to draw a line through the factual circumstances of each case where a debtor stepped into the "rights and powers" of a BFP to invent a limiting factor for a debtor's BFP status.  The statute itself provides that the trustee shall have "the rights and powers of . . . a bona fide purchaser . . . ," which rights are determined

---

[7] Appellants assert that Appellee's interpretation of "rights and powers" gives no effect to the avoidance powers of a BFP under section 544(a)(3) and argues that "a debtor would not need to exercise its BFP avoidance powers" if Appellee's interpretation were to be adopted.  *See* Appellants Br., Dkt. No. 3 at 12.  Although in this case both the BFP status and the avoidance rights provided under section 544 lead to the same outcome, this is a merely function of combining (i) the protections available to BFPs under Texas state law with respect to unrecorded constitutional liens and (ii) the expansive rights and powers granted to a trustee under section 544.  Statutory interpretation does not require contorting the ordinary meaning of words to avoid all instances where two provisions, after applying the applicable facts, lead to similar outcomes, as is the case here.

by state law. *See Anderson v. Conine (In re Robertson)*, 203 F.3d 855, 864 (5th Cir. 2000) ("The extent of the trustee's rights as a bona fide purchaser of real property, however, is measured by the substantive law of the state governing the property in question.") (citations omitted). This Court should reject Appellants' excessively narrow interpretation of "rights and powers" that would limit a debtor's exercise of its BFP status solely to prevent the postpetition creation of liens.

**IV.    Time Limitations in Section 546(a) of the Bankruptcy Code Do Not Apply to the Defensive Exercise of the "Rights and Powers" of a BFP**

Section 546(a) of the Bankruptcy Code sets a time limit on the exercise of a debtor's avoidance powers under the Bankruptcy Code, providing that "[a]n ***action or proceeding*** under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of . . . 2 years after the entry of the order for relief[] or . . . the time the case is closed or dismissed." 11 U.S.C. 546(a)(1)(A), (a)(2) (emphasis added). Importantly, this limitation, while applicable to the powers under section 544(a), only applies to the commencement of an "action or proceeding," such as filing a lawsuit asserting avoidance actions against a defendant. *See Miller v. New Penn Financial, LLC (In re Miller)*, No. 15-70981 (WLH), 2020 WL 1933922, at *5 (Bankr. N.D. Ga. Apr. 21, 2020).

While section 546 prohibits the commencement of an avoidance action or proceeding, it does not, by its plain language, terminate a debtor's status as a BFP. *Id*. (citing *In re Buchholz*, 224 B.R. 13, 22 n.6 (Bankr. D.N.J. 1998)). Indeed,

18

nothing in the plain language of section 546 restricts a debtor in possession from defensively raising its status as a BFP under section 544 in response to a proof of claim. *Id.*; *see also Stearns Bank, N.A. v. Rent-A-Tent, Inc. (In re Rent A Tent, Inc.)*, 468 B.R. 442, 455 (Bankr. N.D. Ga. 2012) ("By its terms, section 546(a) does not restrict or otherwise place a time limit on the trustee's ability to rely on his rights as a bona fide purchaser of real estate."). Appellants agree that section 544 does not terminate a debtor's status as a BFP. *See* Appellants Br., Dkt. No. 3 at 14 ("Appellants are not (and never were) arguing that the section 546(a) statute of limitations applies to the Debtors' BFP status under the First Clause.").

Appellee did not commence—nor was it required to commence—any "proceeding" or "action" that is subject to the time limitations of section 546.[8] Rather, Appellants initiated the present action by filing the Proofs of Claim in the Appellee's bankruptcy cases. Appellee responded by raising its status as a BFP as a defense in its objection to the Proofs of Claim. A claim objection is not akin to commencing an action, it is merely an answer in an ongoing action. *See, e.g., Coxson v. Commonwealth Mortg. Co. of Am., L.P. (In re Coxson)*, 43 F.3d 189, 194 (5th Cir. 1995) (affirming district court holding that filing a proof of claim is "an action to collect the debt" and the debtor's actions filed in response were defensive); *Miller*,

---

[8] As set forth in <u>Section I</u> above, under Texas state law, a BFP receives property free and clear of unperfected constitutional liens and need not take any affirmative action to defeat such liens.

19

2020 WL 1933922, at *4 ("The filing of a proof of claim itself, from a procedural standpoint, is tantamount to the filing of a complaint in a civil action.") (citation omitted).

The time limitations set forth in section 546 of the Bankruptcy Code are therefore inapplicable to the present proceedings and should not cut off the Reorganized Debtors' status as a BFP. This approach is also consistent with the general rule outside of bankruptcy that affirmative defenses are not subject to statutes of limitations. *In re Miller*, 2020 WL 1933922, at *4; *see also United States v. W. Pac. R. Co.*, 352 U.S. 59, 72 (1956) ("To use the statute of limitations to cut off the consideration of a particular defense in the case is quite foreign to the policy of preventing the commencement of stale litigation."); *see also Contract Sales Co*, 612 S.W.2d at 653 ("Bona fide purchaser status in the context of a constitutional mechanic's lien is, however, an affirmative defense . . . .").

Appellee is entitled to raise the BFP status defensively in response to a proof of claim, notwithstanding the limitations of section 546(a) of the Bankruptcy Code. This position is consistent with the approach the Fifth Circuit has taken in other cases. *See In re Coxson*, 43 F.3d at 194 (finding that a Federal Truth in Lending Act claim was not time-barred by the one-year statute of limitations because the claim was raised defensively in response to a proof of claim).

20

V.     **Reclassification of the Asserted Secured Claims Is Proper Under Section 544(a)(3)**

The Bankruptcy Court properly held that, because Appellee prevailed on its section 544 theory, for the reasons set forth above, the Bankruptcy Court did not need to analyze whether disallowance of the Asserted Secured Claims was also proper under section 502(b)(1) of the Bankruptcy Code. *See* Opinion, at 2; [App. 320].

As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes prima facie evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. *See, e.g., In re Jack Kline Co., Inc.*, 440 B.R. 712, 742 (Bankr. S.D. Tex. 2010). However, prima facie validity under Bankruptcy Rule 3001(f) "can be overcome by rebuttal evidence . . . ." *Cal. State Bd. of Equalization v. Off. Unsecured Creditors' Comm. (In re Fidelity Holding Co., Ltd.)*, 837 F.2d 696, 698 (5th Cir. 1988). As a general matter, legal arguments alone are sufficient to overcome the prima facie validity of a claim. *See In re Rally Partners, L.P.,* 306 B.R. 165, 168–69 (Bankr. E.D. Tex. 2003) ("[Rebutting prima facie validity] can be done by. . . the presentation of legal arguments based upon the contents of the claim and its supporting documents.") (internal citations omitted). Once a rebuttal has been made, "the burden shifts to the claimant to prove its claim by a preponderance of the evidence." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006) (*citing In re Fidelity Holding Co.*, 837 F.2d at 698). Despite the

21

shifting burden during the claim objection process, "the ultimate burden of proof always lies with the claimant." *Id.* (*citing Raleigh v. Ill. Dep't of Rev.*, 530 U.S. 15 (2000)). In addition, the Bankruptcy Court has significant authority, pursuant to its equitable powers under section 105(a) of the Bankruptcy Code, to issue orders necessary and appropriate to carry out the provisions of the Bankruptcy Code. *See* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.").

Here, for the reasons set forth above, Appellee has established that the constitutional liens securing the Asserted Secured Claims are unenforceable against the Appellee as a BFP. The unenforceability of the liens against the Appellee is sufficient to rebut the prima facie validity of the Asserted Secured Claims. Appellants cannot meet their burden of proof with respect to the validity of the liens allegedly securing the Asserted Secured Claims if the Appellee prevails on its arguments under section 544(a)(3). Accordingly, the Bankruptcy Court correctly determined that it was not necessary to reach section 502(b)(1) of the Bankruptcy Code in this analysis and fashioned appropriate relief, consistent with its equitable powers under section 105(a).

## VI. Reclassification of the Appellants' Claim Is Proper Under Section 502(b)(1) of the Bankruptcy Code

To the extent this Court disagrees with the Bankruptcy Court and determines that it was necessary to analyze section 502(b)(1) of the Bankruptcy Code in order

to reclassify the Asserted Secured Claims as unsecured, this Court should remand the issue to the Bankruptcy Court. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 487 (2008) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below . . . .") (quoting *Singleton v. Wulff*, 428 U.S. 106, 120 (1976)); *see also* Utah v. Su, 109 F.4th 313, 318 (5th Cir. 2024) (noting that appellate courts generally sit as courts "of review, not first view").

In any event, Section 502(b) of the Bankruptcy Code provides an alternative avenue to reclassify the Asserted Secured Claims as unsecured. Section 502(b) provides, in relevant part:

> Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
>
> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured;

11 U.S.C. § 502(b)(1).

Pursuant to section 502(b)(1), disallowance of a claim is proper to the extent that "such claim is unenforceable against the debtor and property of the debtor, under *any* agreement or *applicable law* . . . ." *See* 1 U.S.C. § 502(b)(1) (emphasis added). Section 502(b)(1) is generally understood to provide that "with limited exceptions,

23

any defense to a claim that is available outside of the bankruptcy context is also available in bankruptcy." *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 450 (2007).

As outlined herein, the liens allegedly securing the Asserted Secured Claims are unenforceable against the Reorganized Debtor and their property by operation of applicable bankruptcy law and applicable Texas law. Accordingly, although the Bankruptcy Court did not reach section 502(b)(1) in its analysis, section 502(b)(1) also provides a basis to reclassify the Asserted Secured Claims as general unsecured claims.

## VII.  A Broad Interpretation of the "Rights and Powers" of BFP in Section 544 Is Consistent with the Policy Goals of the Bankruptcy Code

As the Bankruptcy Court recognized in its Opinion, "[t]he strong-arm powers protect the estate from unperfected security interests and allow equitable distribution to unsecured creditors. To serve that purpose, § 544 gives a trustee more than mere avoidance powers. It gives a BFP status, which remains in effect without regard to § 546(a)(1)." *See* Opinion, at 7; [App. 325]. A broad interpretation of section 544, and in particular, the "rights and powers" clause of section 544 is most consistent with the Bankruptcy Code's general policy goal of equitable distribution, as it maximizes a debtor's ability to access value for unsecured creditors.

Appellants assert that the deadline for filing a proceeding to avoid the constitutional liens passed on July 28, 2023. *See* Appellants Br., Dkt. No. 3 at 10.

24

Appellants further argue that Appellee cannot defensively use its BFP status to object to Proofs of Claim past the July 28, 2023 deadline. *Id*. at 7 ("Almost a year after the July 28, 2023 deadline, the Debtors sought to assert their BFP status to effectively avoid, nullify, set aside and render ineffective the Liens."). This argument, however, ignores the reality that reconciliation of Proofs of Claim in large, complex bankruptcy cases often continues for several years after the confirmation of a chapter 11 plan. Notably, two of the three Asserted Secured Claims at issue in the present matter had not even been filed as of July 28, 2023. [App. 183, 191].

Appellee's right to assert defenses to alleged secured claims, including its rights as a BFP, should not be curtailed while the period for the Reorganized Debtor to object to proofs of claim is still ongoing absent clear statutory language to the contrary. Holding otherwise would prematurely cut off debtors from defending against claims using their BFP status, prejudicing other estate creditors. The plain language of the Bankruptcy Code does not require this result and this Court should reject Appellants' arguments to the contrary.

## **CONCLUSION**

For the foregoing reasons, Appellee respectfully requests that the Court (i) affirm the Order, (ii) dismiss the appeal, and (iii) grant such further relief to Appellee as is appropriate.

Dated:  July 7, 2025
Houston, Texas

Respectfully submitted,

 /s/  Clifford W. Carlson

WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (TX Bar No. 24125891)
Clifford W. Carlson (TX Bar No. 24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Email:       Gabriel.Morgan@weil.com
                 Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (*pro hac vice* forthcoming)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007
Email:        Matt.Barr@weil.com

*Attorneys for Reorganized Debtor-Appellee*

26

## **Certificate of Compliance with Page Limit, Typeface Requirements, and Type-Style Requirements**

I hereby certify that the foregoing brief complies with the type-volume limitation of Fed. R. Bankr. P. 8015(a)(7)(B) because this brief contains 6,696 words, excluding the parts of the brief exempted by Fed. R. Bankr. P. 8015(g).

This brief complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type style requirements of Fed. R. Bankr. P. 8015(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: July 7, 2025

*/s/ Clifford W. Carlson*
Clifford W. Carlson

## **Certificate of Service**

I hereby certify that on July 7, 2025, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States District Court for the Southern District of Texas.

*/s/ Clifford W. Carlson*
Clifford W. Carlson