United States District Court
Southern District of Texas

**ENTERED**

March 26, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE TALEN ENERGY CORP., *et al.* | § | |
| | § | |
| | § | |
| GE STEAM POWER INC., *et al.*, | § | |
| | § | CIVIL ACTION NO. H-25-807 |
| Appellants, | § | |
| v. | § | BANKRUPTCY NO. 22-90339 |
| | § | |
| TALEN ENERGY CORPORATION, | § | |
| | § | |
| Appellee. | § | |

**MEMORANDUM AND OPINION**

This bankruptcy appeal involves a debtor-in-possession's rights and powers as a bona fide

purchaser.  The appellants, GE Steam Power Inc. and General Electric International, Inc. ("GEII"),

argue that they have enforceable liens against Talen Energy Corporation and its debtor affiliates[1]

under Article XVI of the Texas Constitution.  The appellants argue that Talen Energy cannot use

its status as bona fide purchaser under 11 U.S.C. § 544(a)(3) to avoid their liens.  (*Id.* at 14).  They

ask this court to reverse the Bankruptcy Court's order and remand with an order to enter a judgment

allowing the secured claims in the aggregate amount of $758,756.42.  (*Id.* at 14–15).  Talen Energy

responds that the Bankruptcy Court properly construed § 544(a)(3) and asks this court to affirm

the Bankruptcy Court's order sustaining its objections to the three proofs of claims at issue.

(Docket Entry No. 5).

---

[1] Talen Energy—the Reorganized Debtor—is a party to this appeal on behalf of itself and its reorganized debtor affiliates.  (Docket Entry No. 5 at 2 n.1).  The chapter 11 cases of its affiliates were closed on July 28, 2023.  (*Id.* (citing Bankr. Case No. 22-90054, Docket Entry No. 2162)).

Based on the briefs, the record, and the applicable law, the court affirms the judgment of the Bankruptcy Court. The reasons are set out below.

## I.     Background

In May 2022, Talen Energy Supply, LLC,[2] Barney Davis, LLC, Nueces Bay, LLC, and certain of their affiliates filed voluntary cases for chapter 11 bankruptcy. (Bankr. Case No. 22-90054, Docket Entry No. 1; Bankr. Case No. 22-90090, Docket Entry No. 1; Bankr. Case No. 22-90092, Docket Entry No. 1). The Bankruptcy Court ordered all non-governmental units to file proofs of claims as to each debtor entity other than Talen Energy by August 1, 2022. (Bankr. Case No. 22-90054, Docket Entry No. 237 at 7). GE Steam subsequently filed Proof of Claim No. 2911 against Barney Davis, asserting a secured claim for $80,683.54. (Docket Entry No. 4 at 176–83). GEII filed Proof of Claim No. 37563 against Nueces Bay, asserting a secured claim in the amount of $383,785.18. (*Id.* at 184–91). GEII also filed Proof of Claim No. 37564 against Barney Davis, asserting a secured claim for $294,287.70. (*Id.* at 192–99). These are the claims at issue in this appeal.[3]

In December 2022, Talen Energy filed for bankruptcy under Chapter 11. (Bankr. Case No. 22-90339, Docket Entry No. 1). The Bankruptcy Court ordered the joint administration of the bankruptcy cases filed by Talen Energy Supply, LLC and its debtor affiliates and Talen Energy. (Bankr. Case No. 22-90339, Docket Entry No. 12). On the same day, the Bankruptcy Court entered an order confirming the joint Chapter 11 Plan of Talen Energy Supply, LLC and its affiliated

---

[2] Talen Energy Supply, LLC is one of the affiliates of Talen Energy; they are not the same entity. (Docket Entry No. 5 at 2 n.1).

[3] GE Steam and GEII have filed other Proofs of Claim that have been consensually resolved but which remains subject to objection by the GUC Trust. (Docket Entry No. 3 at 10 n.2; Docket Entry No. 5 at 11).

debtors.  (Bankr. Case No. 22-90054, Docket Entry Nos. 1722, 1745, 1760).  The Plan became effective in May 2023.  (Bankr. Case No. 22-90054, Docket Entry No. 2060).

In July 2023, the Bankruptcy Court entered an order closing all the debtors' Chapter 11 cases except for Talen Energy's case.  (Bankr. Case No. 22-90054, Docket Entry No. 2162 at 19).  The confirmation order and final decree provided that all objections to claims relating to each of the reorganized debtors were to be filed, administered, and heard in Talen Energy's Chapter 11 case.  (*Id.*).  In December 2023, the Bankruptcy Court entered an order approving the omnibus claim objection procedures.  (Bankr. Case No. 22-90339, Docket Entry No. 146).

In July 2024, Talen Energy filed the *Reorganized Debtor's Twelfth Omnibus Objection to Certain Claims Filed by GE Electric (Reclassified Claims, Reclassified and Reduced Claims, Reduced Claims, and Satisfied Claims)*.  (Bankr. Case No. 22-90339, Docket Entry No. 375).  Talen Energy argued that these three claims should be reclassified as unsecured because the unrecorded liens were unenforceable under Texas law and 11 U.S.C. § 544(a)(3).  (*Id.* at 11–12).  GE Steam and GEII responded that Talen Energy was barred from relying on § 544(a)(3) because of the time limits under 11 U.S.C. § 546(a).  (Bankr. Case No. 22-90339, Docket Entry No. 433 at 5).  Talen Energy argued in reply that no time bar applies to its ability to *defensively* assert its bona fide purchaser rights under § 544(a)(3).  (Bankr. Case No. 22-90339, Docket Entry No. 452 at 2).

In October 2024, the Bankruptcy Court held a hearing on the objections to the secured claims.  (Bankr. Case No. 22-90339, Docket Entry No. 455).  At the end of the hearing, the Court requested extra briefing on one "rifle-shot question": "[u]nder Texas law, without the application of bankruptcy law at all, what is the status of . . . an unrecorded constitutional lien with respect to a [bona fide purchaser]?"  (Bankr. Case No. 22-90339, Docket Entry No. 472 at 32).  Both sides filed supplemental briefing.  (Bankr. Case No. 22-90339, Docket Entry Nos. 481, 482).  Talen

Energy argued that "Texas state law is clear" than an unrecorded constitutional lien is not enforceable against a bona fide purchaser or its property. As a result, GE Steam and GEII's unrecorded constitutional liens were invalid as to the Reorganized Debtors as a bona fide purchaser. (Bankr. Case No. 22-90339, Docket Entry No. 481 at 2, 4). GE Steam and GEII responded that a constitutional mechanic's lien exists "regardless" of whether a lien affidavit is filed. They admitted, however, that the failure to file such an affidavit "*may* render the lien unenforceable against a bona fide purchaser." (Bankr. Case No. 22-90339, Docket Entry No. 482 at 4).

In February 2025, the Bankruptcy Court issued an opinion holding that GE Steam and GEII's secured claims were unsecured. (Bankr. Case No. 22-90339, Docket Entry No. 513). The Bankruptcy Court concluded that because Talen Energy could raise a bona fide purchaser defense under § 544, the unrecorded constitutional liens were unenforceable. (*Id.* at 7). The Bankruptcy Court rejected GE Steam and GEII's attempt to apply § 546, concluding that it "does not impose a limitations period on Talen's ability to assert its status as a bona fide purchaser and raise any affirmative defenses," but instead limited the time to take affirmative avoidance actions. (*Id.* at 4–6). Because Talen Energy prevailed on its § 544 theory, the Bankruptcy Court did not analyze its arguments under 11 U.S.C. § 502(b)(1). (*Id.* at 2). The Bankruptcy Court entered a separate order sustaining Talen Energy's objection. (Bankr. Case No. 22-90339, Docket Entry No. 514). GE Steam and GEII timely appealed the Bankruptcy Court's order. (Docket Entry No. 1).

## II.    The Legal Standard

This court has jurisdiction under 28 U.S.C. § 1334(a). Because the issue is the allowance or disallowance of claims against a bankruptcy estate, this is a core proceeding under 28 U.S.C. § 157(b)(2). A federal district court has jurisdiction to hear appeals from a bankruptcy court's

final orders.  28 U.S.C. § 158(a).  "The district court reviews the bankruptcy court's findings of fact for clear error and conclusions of law *de novo*."  *See In re CJ Holding Co.*, 597 B.R. 597, 604 (S.D. Tex. 2019).

**III.    Analysis**

###    A.  The Applicable Law

This court must decide whether the Bankruptcy Court erred by allowing Talen Energy to assert its bona fide purchaser status defensively under 11 U.S.C. § 544(a)(3) against liens that were enforceable against Talen Energy before the bankruptcy proceeding but unenforceable against a bona fide purchaser after the bankruptcy began.[4]  Several sections of the Bankruptcy Code and provisions of Texas law are at issue.

First, 11 U.S.C. § 544(a)(3) provides that:

**(a)** The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

[. . .]

**(3)** a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

Although this section refers to the "trustee," the Bankruptcy Code provides elsewhere that "a debtor in possession shall have all the rights . . . and powers, and shall perform all the functions and duties . . . of a trustee serving in a case under this chapter."  11 U.S.C. § 1107(a).  Section

---

[4] The parties do not argue that any other provision of § 544(a) is applicable.

544(a) is "commonly referred to as the 'strong arm' provision of the Bankruptcy Code." *In re Goodrich Petrol. Corp.*, 894 F.3d 192, 197 (5th Cir. 2018).

"While the Bankruptcy Code creates the status of a hypothetical bona fide purchaser, state law defines that status." *Id.* at 198 (quoting *In re Hamilton*, 125 F.3d 292, 298 (5th Cir. 1997)). Article XVI, § 37 of the Texas Constitution provides that "[m]echanics, artisans and material men, of every class, shall have a lien upon the buildings and articles made or repaired by them for the value of their labor done thereon, or material furnished therefor."[5]  "An unrecorded mechanic's lien will not be enforced against a purchaser who acquires title to the property in good faith, for valuable consideration, and without notice." *In re Santoyo*, 540 B.R. 284, 290 (Bankr. S.D. Tex. 2015).  Although federal law preempts state law on actual notice, "the state law of constructive notice remains applicable in the context of § 544(a)(3)." *Id.* (quoting *McEvoy v. Ron Watkins, Inc.*, 105 B.R. 362, 364 (N.D. Tex. 1987)).  A bona fide purchaser can be "charged with constructive notice of properly recorded lien affidavits." *Id.* at 290–91; *see also* TEX. PROP. CODE § 53.052(a).  GE Steam and GEII did not file lien affidavits for the relevant claims.  (*See* Docket Entry No. 3 at 15 ("Appellants did not file a lien affidavit")).

Failing to file a lien affidavit makes a lien unenforceable against a bona fide purchaser. Although a lien affidavit is not required to enforce a lien against a contracting party, "[i]t is well-settled law . . . that a constitutional lien *is not* enforceable against a purchaser who has neither actual nor constructive notice of the lien."  *In re Santoyo*, 540 B.R. at 290.  "Because the bankruptcy trustee steps into the shoes of a hypothetical bona fide purchaser, a constitutional lien

---

[5] There is no dispute that the liens at issue are constitutional mechanics liens under Texas law. (*See* Docket Entry No. 3 at 15; Docket Entry No. 5 at 16).

may not be enforced against the Trustee absent notice." *Id.*; *see also Cont. Sales Co. v. Skaggs*, 612 S.W.2d 652, 653 (Tex. Civ. App.—Dallas 1981, no writ) ("Constitutional liens will not be enforced, however, against a purchaser who has neither actual nor constructive notice of the constitutional lien."). The question is not whether the lien could be enforced against the original contracting party, but "whether the lien could be enforced against a hypothetical bona fide purchaser as of the petition date." *In re Santoyo*, 540 B.R. at 293; *see also McEvoy*, 105 B.R. at 365 ("The fact that a constitutional lien is self-executing does not allow it to bind subsequent purchasers without actual or constructive notice.").

Second, 11 U.S.C. § 546(a) creates time limits for filing an action or proceeding to avoid liens. Section 546(a) states:

> (a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
> (1) the later of—
>    (A) 2 years after the entry of the order for relief; or
>    (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph A); or
> (2) the time the case is closed or dismissed.

11 U.S.C. § 546(a). This section is "without a doubt a statute of limitations." *In re Margeaux Tex. Ventures, Inc.*, 545 B.R. 506, 526 (Bankr. N.D. Tex. 2014). Unlike a statute of repose, a statute of limitations "can be extended by agreement, tolled, waived, or the subject of estoppel." *Id.*

Finally, 11 U.S.C. § 502 contains two relevant provisions. Under § 502(b)(1), "if [an] objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that . . . such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason

7

other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1). Section 502(d) states that "[n]otwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title." 11. U.S.C. § 502(d).

The interplay of these sections with the parties' arguments is analyzed below.

**B. Discussion**

Because GE Steam and GEII did not file a lien affidavit, their constitutional liens are unenforceable against a bona fide purchaser. When Talen Energy filed its objection, it could not bring an affirmative avoidance action under § 544 because of the statute of limitations contained in § 546. The issue is whether the Bankruptcy Court was correct in allowing Talen Energy to assert its bona fide purchaser status defensively.

GE Steam and GEII make several arguments as to why the Bankruptcy Court erred. In their opening brief, they primarily argue that § 544(a) provides two separate grants of power. In their interpretation, the "First Clause" of § 544 states that "[t]he trustee shall have, as of the commencement of the case, . . ., the rights and powers of . . . a bona fide purchaser." (Docket Entry No. 3 at 16). The "Second Clause" states that "[t]he trustee . . . may avoid any transfer of property of the debtor . . . that is voidable by . . . a bona fide purchaser of real property." (*Id.*). GE Steam and GEII argue that the First Clause only "enables a debtor to prevent a creditor from taking *post-petition* action to *create* a lien against the debtor's property where no such lien existed on the petition date," but does not create a "back door" to lien avoidance covered by the Second

Clause. (*Id.* at 21). In their reply brief, GE Steam and GEII shift their focus to an argument raised in a footnote in their opening brief: that under Fifth Circuit precedent, a time-barred avoidance action cannot be used defensively to disallow a claim under § 502(d). (Docket Entry No. 3 at 28 n.7; Docket Entry No. 8 at 5–9).

"We begin with the text of the statute in cases of statutory interpretation." *Vetter v. Resnik*, 163 F.4th 951, 956 (5th Cir. 2026). "We seek the statute's 'ordinary meaning.'" *Id.* (quoting *In re Durand-Day*, 134 F.4th 846, 851 (5th Cir. 2025)). "If the text of the statute is clear and unambiguous, the inquiry ends, and this court gives effect to the plain language." *Id.* (cleaned up). However, "statutes should not be read as a series of unrelated and isolated provisions" as "language cannot be interpreted apart from context." *In re Durand-Day*, 134 F.4th at 852 (cleaned up).

GE Steam and GEII's reading of § 544 would limit the "rights and powers" of a bona fide purchaser to the rights and powers *except* pre-petition lien avoidance. (Docket Entry No. 8 at 13). But as the Fifth Circuit recently emphasized, § 544(a) "does not merely bestow upon a debtor-in-possession the ability to avoid either the transfer of a debtor's property or its obligations; instead, a debtor-in-possession is endowed with '*the rights and powers*' of, inter alia, a 'bona fide purchaser of real property.'" *In re Goodrich Petrol. Corp.*, 894 B.R. at 197 (quoting 11 U.S.C. § 544). As the bankruptcy court had noted in *In re Goodrich Petroleum Corp.*, § 544 "does not simply give the debtor the power to avoid transfers," but "also gives the debtor *all* 'rights and powers' of a bona fide purchaser." *In re Goodrich Petrol. Corp.*, 554 B.R. 817, 823 n.2 (Bankr. S.D. Tex. 2016) (emphasis added).

The text of § 544 does not support excepting pre-petition lien avoidance from a bona fide purchaser's rights and powers. "Because § 544(a) is phrased in the disjunctive, a trustee obtains "a *status* as well as an avoiding power as a . . . bona fide purchaser as of the commencement of a

9

bankruptcy case." *In re Alexander*, No. 11-74515, 2014 WL 3511499, at *9 (Bankr. E.D. Va. July 16, 2024). "This interpretation of the statute adheres to basic canons of statutory construction, which dictate that a court must give effect to all words chosen by Congress and ascribe separate meanings to terms connected by a disjunctive, unless context dictated otherwise." *In re Alexander*, 2014 WL 3511499, at *9. Under § 544(a), the debtor-in-possession has "two tools" it can use "in furtherance of [its] duty to collect and reduce to money property of the bankruptcy estate." *In re Rent A Tent, Inc.*, 468 B.R. 442, 455 (Bankr. N.D. Ga. 2012). Even if a lien cannot be "avoided," it may still be "avoidable." *In re McCowan*, No. 09-10347-8-SWH, 2018 WL 4056991, at *3 (Bankr. E.D.N.C. Aug. 24, 2018).

GE Steam and GEII cite no caselaw supporting their reading of § 544 as limiting a bona fide purchaser's rights and powers by excepting the power to defend against liens created before the bankruptcy filing. As the Bankruptcy Court recognized, none of GE Steam and GE II's cited authorities follow or advocate for such a narrow approach. (Bankr. Case No. 22-90339, Docket Entry No. 513 at 4). Indeed, some of the authorities cited are directly contrary to this approach. In *In re Miller*, for example, the parties agreed that while a securities deed was valid between the parties without recording, it was not valid as to a bona fide purchaser. *See In re Miller*, No. 15-70981-WLH, 2020 WL 1933922, at *2 (Bankr. N.D. Ga. 2020). The questions were whether the trustee had to act to assert her bona fide purchaser rights as a defense and whether the time limit of § 546(a) applied to the defensive action. *Id.* Relying on extensive caselaw, the *In re Miller* court concluded that the trustee could assert her rights as a bona fide purchaser defensively and that the § 546(a) time limit did not apply to the defensive action. *Id.* at *6. As in the present case, the bankruptcy court disallowed the claim as a secured claim and allowed it as an unsecured claim. *Id.*

10

Many of the authorities GE Steam and GEII cite involve mortgage reformation, which fit within their definition of the scope of the bona fide purchaser avoidance powers under § 544 as limited to defending against post-petition creation of liens.  Those cases do not support the narrow approach that GE Steam and GEII advocate.  Their approach would require Talen Energy to "have filed a complaint thereby commencing an adversary proceeding to avoid the Liens," and would preclude Talen Energy from defensively challenging those liens under § 544 past the § 546 limitations period.[6]  (Docket Entry No. 8 at 9 n.5).  However, the bankruptcy court in *In re Alexander*—which GE Steam and GEII cite for support, (Docket Entry No. 3 at 22–23)—stated that that "[t]he Trustee is entitled to raise her 'strong-arm powers' under § 544(a) as a defense to a superior claim to an asset of the estate, without regard to whether she has raised such powers in a lien avoidance adversary proceeding."  2014 WL 3511499, at *10.  The opinion court noted that "courts have permitted the defensive exercise of § 544(a) even in cases where the filing of an adversary proceeding by a trustee or debtor-in-possession would be time-barred by the statute of limitations."  *Id.*

In addition, in *In re Sheeley*, the bankruptcy court asserted that "§ 544(a) is unambiguous and grants the trustee, not debtors, the powers and rights of a bona fide purchaser, irrespective of whether those rights and powers are used to avoid a transfer of an interest in property or simply to defeat a mortgage, such as the Mortgage in this case, of which the debtors have knowledge but for which the trustee does not as a bona fide purchaser."  No. 08-32316, 2012 WL 8969064, at *12 (Bankr. S.D. Ohio Apr. 2, 2012).  In affirming the bankruptcy court's decision, the district court

---

[6] GE Steam and GEII do not address Talen Energy's argument that because the liens were unenforceable against a bona fide purchaser under Texas law, it was not required to bring an avoidance action in the first place.  (Docket Entry No. 5 at 25).  In any event, the court's analysis does not turn on this argument.

11

quoted *In re Block*, 259 B.R. 498, 502 (Bankr. D.R.I. 2001), for the proposition that "the limitations provisions in Section 546 do not apply when the trustee uses the § 544(a)(3) strong-arm power defensively." *Bank of New York v. Sheeley*, No. 3:13-cv-136, 2014 WL 1233094, at *8 (S.D. Ohio Mar. 25, 2014).

In *In re Block*, the debtor and the remaining other joint tenant had purportedly conveyed the debtor's property interest to a third party, but that deed was never recorded. 259 B.R. at 500–01. The trustee later learned of the property and filed an adversary proceeding, alleging that because the debtor was a record owner when the bankruptcy proceeding was filed, his interest then became the property of the bankruptcy estate under § 544(a)(3). *Id.* The third party and other joint tenant argued that even if the debtor had an interest in the property, § 546 required the trustee to have taken affirmative action within two years of his appointment. *Id.* The bankruptcy court concluded that the trustee had invoked § 544 defensively in response to the other tenant's complaint for a declaratory judgment. Under the Massachusetts recording statute, the debtor had to record the conveyance before the bankruptcy filing date for the it to be valid against the trustee, who "assumed the status of a bona fide purchase on that date." *Id.* at 502. The bankruptcy court "agree[d] with and follow[ed] those decisions holding that the limitations provisions in Section 546 do not apply when the trustee uses the § 544(a)(3) strong-arm power defensively." *Id.* As in this case, under state law the conveyance was valid against the debtor as a grantor, but not against the trustee as a bona fide purchaser as of the bankruptcy filing date.

A trustee's avoidance power and a bona fide purchaser's rights and powers may overlap at points, but that is not sufficient for this court to adopt the proposed limit on a bona fide purchaser's power when Congress has not done so. Courts have made it clear that an affirmative avoidance and a defensive use of avoidance powers are not identical. As the Bankruptcy Court for the

12

Southern District of New York noted in a § 502(d) case, "[t]he inability of a trustee to obtain an affirmative judgment makes it apparent that allowing the defensive use of avoiding powers after the Code § 546 limitation has expired does not afford complete relief to the trustee. For example, if the property voidably transferred is not in the trustee's actual or constructive possession, he may have no means of causing it to be transferred to the estate." *In re Mid Atl. Fund, Inc.*, 60 B.R. 604, 611 n.12 (Bankr. S.D.N.Y. 1986); *accord In re KF Dairies, Inc.*, 143 B.R. 734, 737 (B.A.P. 9th Cir. 1992) ("Because there can be no affirmative recovery by the estate, the disallowance of a claim under section 502(d) ameliorates, but may not eliminate, the advantage obtained by the avoidable transfer"). Allowing defensive uses of avoiding powers is "perfectly consonant with one of the chief policy concerns of the Code—namely, equitable distribution of the estate among creditors."[7] *In re McLean Indus., Inc.*, 196 B.R. 670, 677 (S.D.N.Y. 1996).

GE Steam and GEII argue that "[a] creditor would never have peace of mind that its liens were unavoidable." (Docket Entry No. 8 at 16). But that is the risk that GE Steam and GEII took by failing to file a lien affidavit. *McEvoy*, 105 B.R. at 365 ("No unfairness exists when a court fails to enforce a lien that did not comply with the applicable statutory requirements. Constructive notice is a device designed to protect those who obey the recording acts. One who fails to obey these acts cannot complain that he does not receive the benefits bestowed thereunder; this person assumes the risk that the property will be transferred to a bona fide purchaser[.]"). And, as the Bankruptcy Court pointed out, holding otherwise would leave an estate "defenseless" against the

---

[7] In their reply brief, GE Steam and GEII point out that under the terms of Plan, unsecured creditors are to be paid a fixed sum, while secured creditors are to be paid by the Debtors, meaning that the dollar amounts to be distributed to all general unsecured creditors under the Plan will be reduced if GE Steam and GEII's claims are reclassified as unsecured. (Docket Entry No. 8 at 15–16). The specific terms of this plan do not undercut the general rule, however, that allowing the defensive use of avoidance powers is in line with the Code's policy concerns about equitable distribution.

enforcement of undetected liens by hypothetical creditors who are choosing to "ride through" the case. (Bankr. Case No. 22-90339, Docket Entry No. 513 at 7). GE Steam and GEII do not directly address this point in their briefs, even though the Bankruptcy Court noted the risks of their position. (*See* Docket Entry No. 3 at 29–30 (arguing with some circularity that the Bankruptcy Court's concerns were a "strawman" because they are not trying to apply the statute of limitations to the status of bona fide purchaser, but only to keep Talen Energy from circumventing the statute of limitations based on its status as a bona fide purchaser)).

The court joins other courts in concluding that § 546 does not apply to a defensive use of the § 544(a) power.[8] Section 546(a) states that an action under § 544 "may not be commenced" two years after the entry of the order for relief or one year after the appointment of the first trustee. 11 U.S.C. § 546(a)(1). As the Bankruptcy Court recognized, Talen Energy was not "*commencing* anything." (Bankr. Case No. 22-90339, Docket Entry No. 513 at 6). "By its terms, section 546(a) does not restrict or otherwise place a time limit on the trustee's ability to rely on his rights as a bona fide purchaser of real estate." *In re Rent a Tent, Inc.*, 468 B.R. at 455; *see also In re Block*, 259 B.R. at 502 (concluding that "the limitations provisions in Section 546 do not apply when the trustee uses the § 544(a)(3) strong-arm power defensively"); *In re Badger Lines, Inc.*, 206 B.R. 521, 527 (E.D. Wis. 1997) (holding that both the "plain language" and "clear weight of authority" permit "defensive reliance on the trustee's avoiding powers outside the two-year time limit under

---

[8] Courts also generally treat the filing of a proof of claim as "tantamount to the filing of a complaint in a civil action" and the objection as "an answer to the claim." *In re Miller*, 2020 WL 1933922, at *4 (citing *In re E.L. Mobley, Inc.*, No. 87-41149, 0094 WL 16003014 (Bankr. S.D. Ga. June 7, 1994)); *see also* 9A COLLIER ON BANKRUPTCY ¶ 3007.01 ("[P]roofs of claim have been held analogous to complaints initiating civil actions; an objection to a claim should therefore meet the standards of an answer."); *accord In re Coxson*, 43 F.3d 189, 194 (5th Cir. 1995) (considering a suit filed in response to a proof of claim to be a defensive action and therefore not barred by the statute of limitations); *In re Cruisephone, Inc.*, 278 B.R. 325, 330 (Bankr. E.D.N.Y. 2002) (same).

14

§ 546(a)"); *In re Buchholz*, 224 B.R. 13, 22 n.6 (Bankr. D.N.J. 1998). This approach is consistent with non-bankruptcy case law, which generally treats affirmative defenses as not subject to statutes of limitations. *In re Miller*, 2020 WL 1933922, at *4 ("Affirmative defenses are generally not subject to statutes of limitations outside the bankruptcy context."); *In re Margaux*, 545 B.R. at 527 ("[T]he defensive use of time-barred claims is not uncommon outside of the bankruptcy context, including under Texas law, and is generally held to be permissible").

In short, "[c]ourts widely hold that a trustee or debtor-in-possession may assert § 544 defensively." *In re Alta Mesa Resources, Inc.*, No. 19-35133, 2021 WL 2877430, at *5 (Bankr. S.D. Tex. July 8, 2021). "A trustee employs her offensive powers when she initiatives avoidance actions to recover property. In contrast, a trustee uses her status defensively when she uses her status as a response or shield to a creditor's proof of claim." *Id.* (quoting *In re Miller*, 2019 WL 3483165, at *3). In this case, § 544 was invoked defensively in response to the proofs of claim that GE Steam and GEII filed. The Bankruptcy Court did not disallow the claims entirely but rather relied on § 544 to treat them as unsecured; the parties agreed that the claims, just not the liens, were enforceable. (Bankr. Case No. 22-90339, Docket Entry No. 472 at 12). Because the Bankruptcy Court relied on § 544(a)(3), it did not consider § 502(b) as an alternative basis for its holding. (Bankr. Case No. 22-90339, Docket Entry No. 513 at 2).

The Bankruptcy Court's approach does not conflict with other courts' interpretations and defensive uses of § 544(a). *See, e.g.*, *In re Asia Glob. Crossing, Ltd.*, 344 B.R. 247, 255–56 (Bankr. S.D.N.Y. 2006) (noting that "the cases involving the trustee's reliance on his strong arm powers under § 544(a) can be explained without regard to § 502(d)" because the use of the § 544(a)(3) defensive power "essentially involves the assertion of [a] common law defense"); *In re Am. Pie, Inc.*, 361 B.R. 318, 323 (Bankr. D. Mass. 2007) (analyzing an objection to a claim against the

15

bankruptcy estate and applying § 544(a)(1) defensively based on § 544(a)(3) case law to conclude that "the Trustee's lien under § 544(a) [was] entitled to priority over the Defendants' unperfected security interests"; although the bankruptcy court discussed § 502(d), it did not rely on any other provisions in ruling for the trustee based on the defensive use of § 544).

GE Steam and GEII argue in their reply brief that the Bankruptcy Court should have applied—or was implicitly applying—§ 502(d) when analyzing whether it could transform the claims from secured to unsecured. [9] (Docket Entry No. 8 at 5–9). Accepting that argument does not change the outcome. Some courts use defensive assertions under § 502(d) and § 544 to transform a claim from secured to unsecured in the context of an objection to a proof of claim. *See, e.g.*, *In re Buchholz*, 224 B.R. at 22 n. 6 (defensively disallowing a claim as secured pursuant to § 502(b)(1) but noting that "[e]ven if the court did have to rely on the status of the trustee as a *bona fide* purchaser to arrive at the conclusion that the claim was unsecured, section 546(b) would still not be a bar to recovery for two reasons. First, the motion to disallow would be brought under 11 U.S.C. § 502(d), which is not subject to the 546(b) time limitations. Second, the plain language of section 546 only bars the bringing of an action under section 544; it does not terminate the *status* of the trustee as a *bona fide* purchaser." (citations omitted)); *In re Octagon Roofing*, 156 B.R. 214, 219–220 (Bankr. N.D. Ill. 1993) (reclassifying a secured claim as unsecured because the lien was "voidable under § 544" and so "must be disallowed under § 502" despite § 546's time bar)); *In re*

---

[9] GE Steam and GEII referred to § 502(d) only in a footnote in the opening brief. (Docket Entry No. 3 at 28 n.7). In general, raising an argument only in a footnote in an opening brief waives the argument. *See Moon v. Olivarez*, 26 F.4th 220, 228 (5th Cir. 2022) ("Moon only raised the argument that Dove failed to release him when required by law in a footnote in his opening brief. This argument is therefore waived."); *see also Bridas S.A.P.I.C.*, 345 F.3d 347, 356 n.7 (5th Cir. 2003) ("Arguments raised in a perfunctory manner, such as in a footnote, are waived" (quoting *United States v. Hardman*, 297 F.3d 1116, 1131 (10th Cir. 2002)). Nonetheless, because this legal issue was raised before the Bankruptcy Court, the footnote was relatively detailed, and this issue implicates the § 502(b) argument that was squarely raised in the opening brief, the court addresses this argument.

*McCowan*, 2018 WL 4056991, at *3 (allowing the trustee to object to the secured status of a claim under a different Code provision but asserting that the trustee could have used his strong-arm powers under § 544 and § 502(d) to come to the same result).

The majority of courts allow defensive avoidance actions under § 502(d) despite the § 546(a) time bar. *See, e.g.*, *In re Mid Atl. Fund, Inc.*, 60 B.R. at 609–11; *In re McLean Indus., Inc.*, 196 B.R. at 675–77; *In re KF Dairies*, 143 B.R. at 735–37; *In re Stoecker*, 143 B.R. 118, 131–32 (Bankr. N.D. Ill. 1992), *aff'd in part, rev'd in part,* 143 B.R. 879 (N.D. Ill. 1992); *In re Chase & Sanborn Corp.*, 124 B.R. 368, 370 (Bankr. S.D. Fla. 1991); *In re Minichello*, 120 B.R. 17, 20 (Bankr. M.D. Pa. 1990); *In re Eye Contact, Inc.*, 97 B.R. 990, 992 (Bankr. W.D. Wis. 1989); *In re Larsen*, 80 B.R. 784, 791 (Bankr. E.D. Va. 1987); *In re Weinstein*, 256 B.R. 536, 538 (Bankr. S.D. Fla. 1999); *In re McKenzie*, 737 F.3d 1034, 1041–42 (6th Cir. 2013); *In re Am. W. Airlines, Inc.*, 217 F.3d 1161, 1168 (9th Cir. 2000); *In re Margaux*, 545 B.R. at 529; *In re Dreier LLP*, 544 B.R. 760, 770–71 (Bankr. S.D.N.Y. 2016); *see also In re Meredosia Harbor & Fleeting Serv., Inc.*, 545 F.2d 583, 590 (7th Cir. 1976) (construing the predecessor to § 502(d) and explaining that the trustee's defense "was in the nature of recoupment and therefore not barred" by the statute of limitations); *In re Cushman Bakery*, 526 F.2d 23, 36 (1st Cir. 1975) (same).

These majority view cases hold that "while the statute of limitations in section 546(a) of the Bankruptcy Code may present an obstacle in successfully avoiding a transfer of property under the avoidance statutes, it does not prevent a trustee from essentially asserting an avoidable transfer *defensively* to disallow a proof of claim under section 502(d) of the Bankruptcy Code unless or until the claimant returns property, relinquishes a lien, or the like." *In re Margaux*, 545 B.R. at 516. The minority view is that "a trustee may not utilize the disallowance mechanism of section

502(d) to assert an otherwise time-barred avoidance action." *Id.* at 519; *see In re Mktg. Assocs. of Am., Inc.*, 122 B.R. 367 (Bankr. E.D. Mo. 1991) (the primary "minority view" case).

GE Steam and GEII argue that the "Debtors' interpretation of the First Clause cannot be squared with the holding in *Campbell v. U.S. (In re Davis)*, 889 F.2d 658, 661 (5th Cir. 1989), that a time-barred avoidance action cannot be used defensively to disallow a claim under section 502(d) of the Bankruptcy Code." (Docket Entry No. 8 at 5). As the Bankruptcy Court for the Northern District of Texas has explained, however, "the *In re Davis* case is *not on point* as to the issue presented in this case; that is, *In re Davis* does *not* deal with the question of whether section 502(d) can be utilized to object to a claim when the whole basis for objecting is that the claimant was the transferee of an avoidable transfer, which transfer is itself time-barred from pursuit under section 546 of the Bankruptcy Code." *In re Margaux*, 545 B.R. at 522. *In re Davis* arose from unusual circumstances and raised the narrow issue of "whether the IRS must refund the amount owed or be able to wait until the final determination" in other litigation. 889 F.2d at 661. As the *In re Margaux* court correctly pointed out, the section of *In re Davis* that GE Steam and GEII rely on— discussing the rationale behind § 502(d) as ensuring "compliance with judicial orders"—was dicta. 545 B.R. at 522. *In re Davis* also stated that § 502(d) "is designed to assure an equality of distribution of the assets of the bankruptcy estate," implying support for the majority, not the minority, view of § 502(d).

This court, like the court in *In re Margaux,* declines to read *In re Davis* as broadly as GE Steam and GEII request.[10] *In re Davis* involved a highly unusual situation in which § 502(d) was

---

[10] The *In re Margaux* court also distinguished *In re IFS Fin. Corp*, No. 02-39553, 2008 WL 4533713 (Bankr. S.D. Tex. 2008), another case upon which GE Steam and GEII also rely, which is in any event not binding on this court. The bankruptcy court's decision in *In re IFS Fin. Corp.* turned in part on a state fraudulent law conveyance's statute, a provision of which operated as a statute of repose. 2008 WL

18

effectively being used to punish the IRS filing a meritless appeal.  889 F.3d at 662 ("A penalization for a meritless appeal can be accomplished, but not by using Section 502(d).").  The facts of that case, and the language of its holding, have little to do with the kind of defensive application of time-barred avoidance actions at issue here and in *In re Margeaux*.  The majority view is supported by the statutory language, which does not mention time limits, as well as the policy favoring equitable distribution, as even the *In re Davis* court recognized.  *See, e.g.*, *In re Weinstein*, 256 B.R. at 538 ("[H]ad Congress intended the statute of limitations imposed by § 546 to apply to § 502(d), it could have easily added a reference to § 546 in § 502"); *In re KF Dairies*, 143 B.R. at 737 ("Because the bankruptcy code is concerned chiefly with equality of distribution, it does not sanction a choice between the equal distribution an action would provide and the less unequal distribution an objection would provide.  When both are available to remedy an avoidable transfer, an action yielding affirmative relief should be pursued.  If an action is time-barred, an objection yielding partial relief should be pursued." (citation omitted)).

*In re Margaux* is not the only case in the Fifth Circuit to reject the minority view post-*In re Davis.*  In *In re Discount Fam. Boats of Tex., Inc.*, the Bankruptcy Court for the Eastern District of Texas also adopted the majority approach, stating that despite the fact that the statute of limitations had run on an affirmative recovery under § 549, the funds might still be recoverable under § 502(d).  233 B.R. 365, 368 (Bankr. E.D. Tex. 1999) (citing *Matter of Mid Atl. Fund*, 60

---

4533713, at *2.  Unlike § 546, which is a statute of limitations, a statute of repose is "an absolute bar on a plaintiff's ability to bring suit when the time thereunder has expired." *In re Margaux*, 545 B.R. at 526. Based in part on *In re Davis* and in part on the relevant statute of repose, the bankruptcy court concluded that "[t]he applicable statute of repose precludes the trustee from recovering on a fraudulent transfer claim against Blitz.  Accordingly, Blitz's claim cannot be disallowed under § 502(d) because Blitz is not a transferee of a transfer that is avoidable under § 544." *In re IFS Fin. Corp.*, 2008 WL 4533713, at *5. As in *In re Margaux*, the court is not considering a statute of repose; there is no blanket "jurisdictional bar" at issue here. *In re Margaux*, 545 B.R. at 526.  "If section 546 were worded as a statute of repose, this court might agree with the minority view courts.  But again, it is not." *Id.* at 526–27.

19

B.R. at 604). The bankruptcy court noted that "this is not an action to recover funds under § 549," but instead "an objection to a portion of a claim and the basis for the objection is that an action could have been brought under § 549 because of unauthorized transfers of bankruptcy funds." *Id.* That issue was "controlled by § 502(d)," and "no statute of limitations applied" to § 502(d). *Id.*; *but see In re West*, 474 B.R. 191, 199–203 (Bankr. N.D. Miss. 2012).

Under the majority view, which this court follows, no statute of limitations applies to defensive objections to avoidable transfers under § 502(d). The question is simply "whether the transfer is avoidable under" one of the relevant provisions listed in § 502(d). *See In re Am. W. Airlines, Inc.*, 208 B.R. 476, 479 (Bankr. D. Ariz. 1997), *aff'd* 217 F.3d 1161 (9th Cir. 2000) (concluding that because the statutory liens were not enforceable against a bona fide purchaser under § 545, the claims were disallowed under § 502(d) despite the § 546 time bar on affirmative actions). In this case, the relevant provision is § 544, and "all of the elements" are met. *Id.* For the reasons explained above, and as determined by the Bankruptcy Court, GE Steam and GE II's liens were avoidable under § 544. GE Steam and GE II did not file lien affidavits. The liens are unenforceable as against a bona fide purchaser. The court rejects—as did the Bankruptcy Court— limiting the § 544 bona fide purchaser rights and powers to exclude challenges to pre-petition liens. And the § 546 statute of limitations does not apply to bona fide purchaser status, only to the ability to "commence" proceedings. *See In re Buchholz*, 224 B.R. at 22 n.6.

As the Bankruptcy Court noted, "[a] good defense is often better than a good offense. In this case, it is a game-changer." (Bankr. Case No. 22-90339, Docket Entry No. 513 at 2); *see also In re Margaux*, 545 B.R. at 529 ("In sports, there is a saying 'that the best offense is often a good defense.'"). Talen Energy's defense prevails.

20

**IV.**     **Conclusion**

The court affirms the Bankruptcy Court's Order Sustaining Talen's Twelfth Omnibus Objection to Certain Claims Filed by GE Electric. This case is dismissed. An order of dismissal is separately entered.

SIGNED on March 26, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge
